Discover Thomson Reuters ••••                                        Directory of sites     Login      Contact      Support

 REUTERS          **World**      **Business**      **Markets**      **Breakingviews**      **Video**      **More**                          🌐      🔍

ON THE CASE      FEBRUARY 1, 2021 / 5:00 PM / UPDATED A YEAR AGO

# Houston judge Lynn Hughes is pulled off another case as 5th Circuit revives prof's discrimination claim

By Alison Frankel                                                          8 MIN READ      

(Reuters) - Federal trial judges enjoy tremendous discretion in running their cases, but, inevitably, they sometimes make mistakes. I doubt there's any longtime federal judge who has a perfect record of affirmance in the appellate courts.

But some are worse than others. U.S. District Judge Lynn Hughes' record when his rulings go up for review to the 5th U.S. Circuit Court of Appeals is an affirmance rate of 72%, according to Westlaw's litigation analytics. The Houston judge, a Ronald Reagan appointee who has sat on the bench since 1985, has the second-lowest affirmance rate in his district among judges who have had at least 100 decisions reviewed by the 5th Circuit.

*Want more On the Case? Listen to the On the Case podcast.*



Privacy policy

Judge Hughes' appellate record will not improve with the 5th Circuit's consolidated ruling Friday in Miller v. Sam Houston State University and Miller v. University of Houston. The 5th Circuit overturned Hughes' grant of summary judgment to the two Texas universities in gender discrimination and retaliation cases brought by Audrey Miller, a onetime psychology professor.

But that's not all. The 5th Circuit panel – Judges **Grady Jolly**, **Leslie Southwick** and **Cory Wilson** – dedicated most of the opinion to Hughes' imperious and evidently biased conduct in the litigation.

At the very first conference in the case, the judge told Miller's lawyer he would "get credit for closing two cases when I crush you." Hughes said Miller seemed chronically disgruntled, but said it seemed to him that "her only complaint here is likely she was paid less but that she didn't get tenure."

The judge, according to the 5th Circuit, refused to allow Miller to depose a key witness from the University of Houston but allowed the school to depose Miller. He even sat in on parts of Miller's deposition, which took place in his jury room. At one point, he interjected: "Ma'am, you're not to lecture the state of Texas on the law. (Your counsel) and I will do that. It is not important to your case what you think about what nine old people on the Potomac River talk about something.... So, please, do not burden the record with side trips."

The 5th Circuit ordered Miller's revived case to be reassigned to another judge, finding that his behavior "from the outset ... evinced a prejudgment of Miller's claims." A reasonable observer, the court said, would question Hughes' partiality. And under the stricter standard of whether the judge can be expected to put aside his erroneous views, the court said, there was reason to doubt that Judge Hughes could fairly decide the case, based on "the cumulative weight of (his) prejudicial comments and peremptory rulings."

"A litigant has the fundamental right to fairness in every proceeding," Judge Wilson wrote for the 5th Circuit. "When a judge's actions stand at odds with these basic notions, we must act or suffer the loss of public confidence in our judicial system."

Remarkably, this is at least the third time in the last several years that the 5th Circuit has exercised the extraordinary authority to reassign a case after reversing Judge Hughes. In 2015, as I reported at the time, the 5th Circuit overturned Hughes' summary judgment ruling for Shell in a long-running False

Claims Act case and ordered the litigation reassigned "to preserve the appearance of justice, given the long delays, repeated errors and cursory reasoning in the district court's opinions to date."

And in 2018, the appeals court said in U.S. v. Swenson that the government's revived case against the operator of an adoption agency must be reassigned after Judge Hughes erroneously found prosecutorial misconduct. The 5th Circuit did not detail why it yanked the case from Hughes, although the court noted a comment the judge made when he excoriated the female prosecutor: "It was lot simpler when you guys wore dark suits, white shirts and navy ties.... We didn't let girls do it in the old days."

Judge Hughes didn't respond to my email requesting comment on the 5th Circuit's ruling in the Miller case, previous decisions reassigning his cases or his overall appellate record. He also did not immediately respond to a phone message left at his chambers in Houston.

The universities were both represented by the Texas Attorney General's office, whose lead lawyer in the Miller litigation didn't respond to my email. The universities argued in their briefs that Judge Hughes' conduct did not warrant reassignment. Miller's counsel, **Terrence Robinson** of the **TB Robinson Law Group**, said he's gratified that the 5th Circuit directly addressed Judge Hughes' behavior. "We just hope that the ruling will lead to some permanent change within the district," Robinson said.

In the underlying case, Miller alleged that she was denied tenure at Sam Houston, despite a recommendation from the provost, because of gender discrimination. (The school said she did not

receive tenure because she was inflexible and did not get along with colleagues.) Miller subsequently applied for a tenure-track job at the University of Houston Downtown. She was on the verge of being hired when the chair of the department contacted one of Miller's ex-bosses at Sam Houston. The content of that conversation is unknown – as the 5th Circuit pointed out, Judge Hughes refused to allow Miller's counsel to depose the participants in the call – but Miller didn't end up getting the job. In separate suits, she accused Sam Houston of gender discrimination, Equal Pay Act violations and retaliation; and the University of Houston of retaliation for her gender discrimination allegations against Sam Houston.

Will Judge Hughes be cowed by the 5th Circuit's very explicit scolding? Not if the past is a guide. In 2017, the 5th Circuit issued a ruling in McCoy v. Energy XXI, criticizing a trial judge for refusing to allow the plaintiff, an offshore oil platform worker, to conduct any discovery but allowing defendants to depose the worker – and then encouraging defendants to move for summary judgment. The appeals court reversed the summary judgment order, finding that the trial judge abused his discretion and did not act as a "dispassionate arbiter."

The 5th Circuit cited the McCoy case in its ruling in the Miller litigation, writing that the "strikingly similar" restrictions on plaintiffs' discovery in the two cases gave the appeals court "a sense of déjà vu."

The judge who was overturned and admonished in that 2017 ruling? Lynn Hughes.

*Our Standards: The Thomson Reuters Trust Principles.*